IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUVEN UZUN,<br><br>            Plaintiff,<br><br>     v.<br><br>ROCHELLE C. EAST, et al.,<br><br>            Defendants. | Case No.  26-cv-00756-CRB<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION; GRANTING MOTIONS TO DISMISS** |

Plaintiff Guven Uzun, proceeding pro se, filed an action against the San Francisco Sheriff's Office, deputy sheriff Leonard Maloney, and Judge Rochelle East (collectively, "Defendants").  Compl. (dkt. 1).  His lawsuit stems from his efforts in state court to challenge the revocation of his medical license by the Medical Board of California.  See id. ¶ 11.  Uzun asks this Court for a preliminary injunction to immediately reinstate his medical license.  MPI (dkt. 13).  Defendants also move to dismiss.  The San Francisco Sheriff's Office and Maloney (together, "Sheriffs") argue that Uzun fails to state his claims.  Sheriffs MTD (dkt. 5).  Judge East primarily argues that the Court lacks subject-matter jurisdiction and that she is protected by judicial immunity.  East MTD (dkt. 9).  The Court **DENIES** Uzun's motion for a preliminary injunction and **GRANTS** both motions to dismiss.[1]

## I.    BACKGROUND

### A.    Factual Background

Guven Uzun was a board-certified neurologist until 2017, when the Medical Board

---

[1] Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for resolution without oral argument.

of California revoked his certifications. Compl. ¶ 9. In 2022, Uzun asked the Medical Board to reinstate his license, but an administrative law judge denied his petition—with the Medical Board adopting the decision. Id. ¶ 10. Uzun subsequently sought a mandamus petition in California superior court before Judge East. Id. ¶ 11.

Judge East was allegedly short and dismissive during the hearing on Uzun's petition. Compl. ¶ 12. She cut off Uzun's counsel's argument and denied his petition. Id. ¶¶ 12, 14. Uzun sought a new trial, but Judge East was again dismissive of his counsel's arguments and declined further discussion on the matter. Id. ¶ 14. Frustrated, Uzun told Judge East that she had violated his constitutional rights. Id. ¶ 16. Judge East then orally denied Uzun's new trial motion. Id. ¶ 18.

Five days later and before issuing her written ruling on Uzun's motion, Judge East filed a police report with the Sheriff's Office, alleging that Uzun had threatened to firebomb her and the court during the hearing. Compl. ¶ 19. Uzun alleges that this action was not related to Judge East's role as a judicial officer and was a misuse of power. Id. ¶ 20.

Uzun was later contacted by a federal agent who was investigating Judge East's report. Compl. ¶ 22. The agent reviewed Uzun's transcript of the hearing and then closed the investigation, concluding that Uzun had not made the reported threats. Id. The agent told Uzun that he had sought the Sheriff's Office's incident report from Deputy Leonard Maloney but had not received any response. Id. ¶ 23. Accordingly, Uzun also asked for a copy of the incident report from Sheriffs but never received one. See id. ¶ 24.

After presenting his claims against Defendants to comply with the Government Claims Act, Uzun filed suit. See Compl. ¶¶ 28–31. He brings three claims. First, he brings a claim under 28 U.S.C. § 1983 for violations of his due process stemming from his hearing before Judge East, Judge East's police report, and the failure by Sheriffs to provide him with a copy of Judge East's report. Id. ¶¶ 32–43. He also alleges that Judge East violated his equal protection rights by basing her report on anti-Turkish prejudice and refusing to recuse before issuing her written order on his motion. Id. ¶ 38. Second, Uzun

2

seeks declaratory relief to invalidate Judge East's order denying his new trial motion. Id. ¶¶ 44–53. And third, he brings a claim for intentional infliction of emotional distress ("IIED") against Defendants related to their conduct in state court. Id. ¶¶ 54–58. Uzun also asks for $1 billion in compensatory damages, interest, and punitive damages. See Compl.

### B. Procedural History

After the parties briefed the motion for preliminary injunction and the motions to dismiss, Magistrate Judge Laurel Beeler issued a report and recommendation to dismiss Uzun's second claim for a lack of subject-matter jurisdiction with prejudice, as de facto appeals from state court judgments are barred under the Rooker-Feldman doctrine. R&R (dkt. 22) at 3. Uzun failed to object to Judge Beeler's report and recommendation. Uzun later re-noticed his motion for a preliminary injunction, basing it again on his original motion. Dkt. 27. He also filed a "reply" to his re-noticed motion and asked the Court to grant his motion because Defendants did not again respond to his motion.[2]

## II. MOTION FOR PRELIMINARY INJUNCTION

### A. Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (internal citation omitted). A party "seeking a preliminary injunction must establish [1] that [it] is likely to succeed on the merits, [2] that [it] is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [its] favor, and [4] that an injunction is in the public interest." Id. at 20 (internal citations omitted).

### B. Discussion

Uzun asks the Court to order Defendants to immediately reinstate his medical and surgical license, enjoin Defendants from non-reinstatement of his certifications arising out of the state court proceedings, and prohibit reliance on false allegations. MPI at 5.

---

[2] Defendants already filed their oppositions to his original motion and need not file again in response to his re-notice of the same motion.

United States District Court
Northern District of California

Essentially, Uzun wants Defendants to give his license back. See id. at 1 (Uzun "moves for a preliminary injunction ordering the immediate reinstatement of his medical and surgical license, pending final adjudication of this action.").[3] But that is something Defendants do not have the power to do. An injunction would only bind the parties, their agents or officers, and anyone in active concert or participation with them. See Fed. R. Civ. P. 65(d)(2). The Medical Board—the entity that revoked Uzun's license and the one that can reinstate it—is not a party to the case or involved in it. For this reason alone, the Court cannot grant Uzun's requested preliminary injunction. And as further explained regarding the motions to dismiss, Uzun also cannot satisfy the first Winter factor: likelihood of success on the merits.

## III.   MOTIONS TO DISMISS

### A.   Legal Standard

A court should grant a motion to dismiss for failure to state a claim under Rule 12(b)(6) if the complaint does not proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In considering a motion to dismiss, the court accepts the material facts alleged in the complaint, together with all reasonable inferences to be drawn from those facts, as true. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). But "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Courts will dismiss a claim when it is not based on a cognizable legal theory or the plaintiff has not pleaded sufficient facts to support that theory. Balistreri v.

---

[3] For the first time on reply, Uzun reframes his injunction to require "Judge East to set aside her decision denying plaintiff's petition, and to grant plaintiff a new trial on his petition for writ of administrative mandate." MPI Reply (dkt. 24) at 1. But it is improper for Uzun to move for completely different relief on his reply. See Bazuaye v. INS, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."). Moreover, as the Court will examine below, such relief is squarely barred by the Rooker-Feldman doctrine.

United States District Court
Northern District of California

Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

### B.    Discussion

Judge East centers her motion to dismiss on judicial immunity and the Rooker-Feldman doctrine.  See East MTD at 9–20.  Sheriffs argue that Uzun fails to state claims as a matter of law.  See Sheriffs MTD at 4–6.  The Court evaluates each motion on a claim-by-claim basis and **GRANTS** them both.

### 1.    Deprivation of Rights under 28 U.S.C. § 1983

Uzun alleges that his due process and equal protection rights were violated by Judge East when she filed a police report after orally denying his motion for a new trial and before issuing her written order to that effect.  Compl. ¶¶ 33–43.  He asserts that Judge East "failed to recuse herself based on the inherent conflict of interest created by her filing of the report . . . and the subsequent signing" of her order.  Id. ¶ 40.  And Uzun alleges that Sheriffs violated his due process rights by not turning over a copy of the police report upon request.  Id. ¶ 42.  His claim fails.

### a.    Judge East

Uzun's claim as to Judge East fails on immunity grounds.  To the extent the claim against Judge East is in her official capacity, the Eleventh Amendment serves as a shield.  See Will v. Michigan Dept. of State Police, 491 U.S. 58,  (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself." (internal citations omitted)).  It bars claims for money damages against state judges in their official capacities.  See Elder-Evins v. Casey, No. C 09-05775 SBA, 2010 WL 3619808, at *8 (N.D. Cal. Sept. 9, 2010) (Eleventh Amendment immunity for state court judges).

Judge East also has immunity in her individual capacity.  For their judicial acts, state court judges have "judicial immunity if they are sued in their individual capacities."  Blight v. California, No. C-15-3031 EMC, 2015 WL 5569059, at *1 (N.D. Cal. Sept. 22, 2015).  "[A]bsolute immunity attaches even if the act is done maliciously or in bad faith, involves grave procedural errors, or exceeds the judge's jurisdiction."  See Hubbard v.

Johnson, No. 19-CV-04136-JST, 2019 WL 5579507, at *3 (N.D. Cal. Oct. 29, 2019).  And the "issuance of court orders is a quintessential judicial function."  Id. (dismissing with prejudice claims of racial discrimination through judicial orders).  As Uzun's allegations are premised on Judge East's denial of his motion for a new trial, absolute immunity attaches here.

Although Uzun's complaint and his motion for a preliminary injunction make clear that he is challenging Judge East's order, he argues that Judge East's filing of an allegedly false police report is not a judicial act entitled to immunity.  Opp'n to East (dkt. 32) at 4–7.  Even if the police report was the ultimate act at issue, Judge East is still entitled to judicial immunity.

To determine whether an act is judicial, courts consider the following factors: whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."  Lund v. Cowan, 5 F.4th 964, 971 (9th Cir. 2021) (citation modified).  The police report fits comfortably within this framework.  As Uzun himself alleges, the report arose out of a confrontation with him during the hearing on his new trial motion.[4]  See Compl. ¶ 19; see also Opp'n to East at 7 (arguing that "the report was connected to a case before" Judge East).  Other courts have held that similar actions are considered judicial in nature and entitled to absolute immunity.  See, e.g., Barrett v. Harrington, 130 F.3d 246, 259 (6th Cir. 1997) (holding that where "a judge reasonably perceives a threat to himself or herself arising out of the judge's adjudicatory conduct, the judge's response, be it a letter to a prosecutor or a call to the Marshall's office for security, is a judicial act within the scope of judicial immunity"); Alexander v. Shan,

---

[4] Uzun argues that the federal agent's conclusion that he did not make the threats Judge East reported should change the nature of her act.  Opp'n to East at 7.  But even malicious intent or bad faith does not change the protected nature of judicial acts.  See Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges.").

161 F. App'x 571, 575 (7th Cir. 2005) (judge's referral for prosecution was a judicial act).

Accordingly, the Court dismisses this claim as to Judge East with prejudice.

### b.    Sheriffs

Uzun fails to state a claim against Sheriffs because their refusal to turn over a copy of Judge East's report did not deprive him of a constitutional right. "To prevail on a Section 1983 claim, the plaintiff must allege a deprivation of a constitutionally protected interest." Boudette v. Singer, 8 F.3d 25 (9th Cir. 1993). Crucially, here, a "plaintiff does not have a constitutional right to demand the police investigate a complaint or produce a police report." Greenberg v. City & Cnty. of San Francisco, No. 19-CV-00490-YGR, 2019 WL 4034016, at *1 (N.D. Cal. Aug. 27, 2019); see also Klat v. Wahl, 2025 WL 333794, at *2 (S.D. Cal. Jan. 29, 2025) (failure by police to give records in response to a public records request was not actionable under Section 1983).

Uzun's arguments in opposition are unavailing. He tries to tie his due process rights to the California Public Records Act. See Opp'n to Sheriffs (dkt. 19) at 5. But while "there is a private right of action under the California Public Records Act . . . that is a claim under state law and the action would have to be filed in state court." Klat, 2025 WL 333794 at *2. Uzun also argues that he has the right to petition the government through the filing of a civil complaint. Opp'n to Sheriffs at 6–7. He contends that Sheriffs' denial of information negated his ability to file a civil action for damages. Id. at 7. Uzun, however, fails to explain how this affects his lack of a right to public records or how he would be unable to file an action without the police report. Indeed, the instant action is related to that report. See generally Compl.

Consequently, the Court dismisses this claim against Sheriffs with prejudice, as Uzun lacks a constitutional right to demand production of the police report. See Robinson v. Las Vegas Metro. Police Dep't, 2022 WL 980584, at *3 (D. Nev. Mar. 31, 2022) ("[B]ecause an individual does not have a constitutional right to obtain a police report, the Court dismisses with prejudice Plaintiff's § 1983 claim against Defendant.").

7

### 2.    Declaratory Relief

This claim is barred by the Rooker-Feldman doctrine as to all Defendants.  Uzun essentially asks the Court for a declaration that invalidates Judge East's denial of his motion for a new trial.  See Compl. ¶ 53.  As Judge East argues and Judge Beeler recommends, the Court lacks subject-matter jurisdiction.  See East MTD at 20; R&R at 3. The "Rooker–Feldman [doctrine] prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).  Because Uzun asks this Court to review a state court judgment that did not go his way, the Court dismisses the claim with prejudice.

### 3.    IIED

Uzun alleges that the events in his Section 1983 claim also give rise to a claim for IIED.  Not so.  Just like for Uzun's Section 1983 claim, Judge East has judicial immunity in both her official and individual capacities for these allegations.  Accordingly, the Court only discusses this claim as it relates to Sheriffs.

To state an IIED claim, the plaintiff must allege facts showing: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct."  Smith v. BP Lubricants USA Inc., 64 Cal. App. 5th 138, 147 (Cal. Ct. App. 2021) (citation modified).  Uzun fails to allege the first prong.

Uzun fails to allege how the denial of a police report upon request is extreme and outrageous conduct.  The threshold for such conduct is high.  It "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community."  Smith, 64 Cal. App. at 147.  While the question of whether conduct is outrageous is usually factual, courts may resolve it as a matter of law where reasonable minds would not differ.  See id. (collecting cases dismissing IIED claims as a matter of law).  This case is one such circumstance.

Beyond conclusory allegations that Sheriffs' conduct was outrageous, Uzun does not plausibly show how their denial of a records request could not be tolerated by society. See Compl. ¶ 55 (alleging Defendants' conduct "was intentional, malicious, and outrageous"). Moreover, Uzun also fails to allege that Sheriffs intended to cause him emotional distress by their actions. Alleging that Sheriffs acted intentionally is not the same thing. See id.

Accordingly, the Court dismisses this claim with prejudice against Judge East and without prejudice against Sheriffs.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Uzun's motion for a preliminary injunction and **GRANTS** both motions to dismiss. All claims against Judge East are dismissed with prejudice, as amendment would be futile. The Court permits amendment as to the IIED claim only against Sheriffs, as amendment may not be futile. Uzun may amend his complaint by July 10, 2026.[5]

**IT IS SO ORDERED.**

Dated: June 10, 2026

_____
CHARLES R. BREYER
United States District Judge

---

[5] Uzun also filed a motion to amend his complaint, seeking to add additional allegations and a defendant. Dkt. 30. The Court permits amendment, but Uzun may not reintroduce the same issues discussed and dismissed with prejudice in this order.

9