IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GUVEN UZUN,

          Plaintiff,

    v.

SAN FRANCISCO SHERIFF'S OFFICE, et al.,

          Defendants.

Case No.  26-cv-00756-CRB

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Plaintiff Guven Uzun, proceeding pro se, moves for leave to file a motion for reconsideration of the Court's prior dismissal order.  Mot. (dkt. 42).  While he asks the Court to reconsider the entirety of the Court's order, which included a preliminary injunction and two motions to dismiss, Uzun only discusses reconsideration of his claims against Judge Rochelle East.  The Court **DENIES** the motion.[1]

A motion for reconsideration may only be brought in three contexts: (1) there was a material difference in fact or law that was before the Court initially, (2) there are new material facts or a change in the law since the order, and (3) there was manifest failure to consider facts or arguments in the initial order.  Civil L.R. 7-9(b).  Uzun rests his motion on the Court's apparent failure to consider material facts that he presented for judicial notice.  Mot. at 2 (citing Dkt. 33).

Uzun argues that the Court relied on Barrett v. Harrington, 130 F.3d 246 (6th Cir. 1997) to conclude that Judge East was entitled to judicial immunity.  Mot. at 2.  In Barrett, the Sixth Circuit held that a judge's response to a reasonably perceived threat arising out of

---

[1] The Court presumes familiarity with the factual background.

United States District Court

Northern District of California

their adjudicatory conduct was a judicial act entitled to immunity. 130 F.3d at 259. Uzun asserts that his recording and transcript of the new trial hearing demonstrate that Judge East "could not have reasonably perceived a threat to herself." Mot. at 2. But this does not warrant reconsideration.

For starters, the Court did not base its decision on Barrett. The case was merely illustrative of what other courts have held is entitled to judicial immunity. See Order (dkt. 38) at 6 (citing examples from other circuit courts). The Court independently conducted an analysis to determine whether Judge East's actions were considered judicial in nature and therefore immune. See id. at 6 (discussing elements of judicial acts). Moreover, the Court did consider the substance of the transcript, as Uzun had already alleged that the transcript did not contain any "firebombing" threat. See id. at 2 (citing Compl. (dkt. 1) ¶¶ 14–22). The transcript itself did not add anything new. Moreover, the Court noted that even if Judge East acted with bad faith or malicious intent, it would "not change the protected nature" of her conduct under the law. Id. at 6 n.4.

For the foregoing reasons, the Court **DENIES** Uzun's motion for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: June 26, 2026

_____
CHARLES R. BREYER
United States District Judge

2