United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GUVEN UZUN,
Plaintiff,

v.

SAN FRANCISCO SHERIFF'S OFFICE, et al.,
Defendants.

Case No. 26-cv-00756-CRB

**ORDER STRIKING MOTION FOR LEAVE TO AMEND; DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**

The Court previously granted Defendants' motions to dismiss with prejudice, permitting amendment only for the intentional infliction of emotional distress ("IIED") claim against the San Francisco Sheriff's Office and deputy sheriff Leonard Maloney (together, "Sheriffs"). Order (dkt. 38). Plaintiff filed a notice of appeal based on the entirety of the Court's order and then later amended the notice to only appeal the dismissal against Judge Rochelle East. Notice (dkt. 45); Amended Notice (dkt. 53). Plaintiff has since filed an amended complaint styled as a motion for leave to amend. MTA (dkt. 46). He also filed an application for a protective order, seeking a temporary restraining order ("TRO") against Sheriffs for alleged stalking and harassment. TRO (dkt. 58). Sheriffs now move to strike Plaintiff's amended complaint, arguing that Plaintiff brings claims dismissed with prejudice and goes beyond the scope permitted by the Court. MTS (dkt. 49). Given Plaintiff's amended notice of appeal, the Court retains jurisdiction to evaluate the pending motions. Accordingly, the Court **GRANTS** Sheriffs' motion to strike and

United States District Court
Northern District of California

**DENIES** Plaintiff's application for a TRO.[1]

The Court agrees with Sheriffs that Plaintiff's amended complaint violates the Court's order. The Court "permit[ted] amendment as to the IIED claim only against Sheriffs, as amendment may not be futile." Order at 9. Plaintiff had also previously asked to amend his complaint prior to the Court's order. First Motion to Amend (dkt. 30). And the Court allowed amendment but explicitly clarified that Plaintiff "may not reintroduce the same issues discussed and dismissed with prejudice in this order." Order at 9 n.5. But that is precisely what Plaintiff seeks to do—and more. He maintains the claims against Judge East and Sheriffs that the Court previously dismissed with prejudiced. See generally MTA. And he also brings new claims, such as a claim for municipal liability. See MTA ¶¶ 170–176. "[W]here leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken." Temple of 1001 Buddhas v. City of Fremont, No. 21-CV-04661-CRB, 2022 WL 1570480, at *6 (N.D. Cal. May 18, 2022) (internal quotation omitted), aff'd, No. 22-15863, 2023 WL 4399243 (9th Cir. July 7, 2023). Accordingly, the Court strikes Plaintiff's proposed complaint.

This also means that the Court denies Plaintiff's application for a TRO. The most important factor for a TRO is the likelihood of success on the merits. See Disney Enters., Inc. v. VidAngel, Inc., 869 F.3d 848, 856 (9th Cir. 2017). Given the current procedural posture, there is no likelihood of success on the merits. Based on the Court's dismissal order and the present grant of Sheriffs' motion to strike, Plaintiff lacks an operative complaint. Moreover, the Court finds Plaintiff's allegations of intimidation and retaliation implausible. Cf. Khan v. Unitarian Church of Kensington Cnty., No. Calif. Dist., No. C-93-4589-VRW, 1994 WL 594148, at *2 (N.D. Cal. Oct. 26, 1994) ("A district court may dismiss a complaint if facts alleged are clearly baseless, fanciful, fantastic, delusional, or

[1] Pursuant to Civil Local Rule 7-1(b), the Court deems these matters suitable for resolution without oral argument. The Court presumes familiarity with the factual background and applicable law.

United States District Court
Northern District of California

rise to the level of the irrational or the wholly incredible." (citation modified)). At most, he plausibly alleges that there have been times when a police vehicle was near his own car. See TRO at 1.

For the foregoing reasons, the Court **GRANTS** Sheriffs' motion to strike and **DENIES** Plaintiff's application for a TRO.

**IT IS SO ORDERED.**

Dated: August 14, 2026

CHARLES R. BREYER
United States District Judge